**Robert Youseff FRANGIEH; Aline Assad Bechara, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76353.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2008.*

Filed June 16, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bill Waddell, Esq., San Diego, CA, for Petitioners.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Jennifer L. Lightbody, Esq., San Francisco, CA, Lennie A. Lehman, Esq., Office of the U.S. Attorney Eastern District, Milwaukee, WI, for Respondent.

Before: TROTT, WARDLAW and FISHER, Circuit Judges.

### MEMORANDUM **

Robert Youseff Frangieh ("Frangieh"), a citizen of Lebanon, seeks review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252(a) and we grant the petition for review.

The BIA found that Frangieh testified credibly, but concluded that he had not suffered past persecution or established a well-founded fear of future persecution. Frangieh testified that he was twice chased by cars after giving speeches at Lebanese University in Beirut in which he advocated disarming Hezbollah and ending Syrian influence in Lebanon. On one of these occasions, the individuals following Frangieh shot at his vehicle, but Frangieh was not harmed because his car was bulletproof. He believed his attackers were affiliated with Hezbollah based on their manner and dress. Frangieh also received numerous death threats by letter and telephone from individuals who told Frangieh he would be killed unless he stopped advocating against Syria and Hezbollah. Although Frangieh did not personally suffer any physical harm, the repeated threats against his life, combined with close confrontation from his persecutors, is sufficient to establish past persecution. *See Ruano v. Ashcroft,* 301 F.3d 1155, 1160–61 (9th Cir.2002).

The BIA nonetheless concluded that Frangieh had not suffered past persecution because he could not conclusively identify his attackers as Hezbollah, but could only speculate as to their identities based on their manner and dress. To be eligible for asylum, "an applicant need only produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground." *Gafoor v. INS,* 231 F.3d 645, 650 (9th Cir.2000) (internal quotation marks omitted). Even if Frangieh could not be certain that his persecutors were affiliated with Hezbollah, the timing of the attacks and the contents of the threats compel the conclusion that his persecutors targeted him because of his political speech. The BIA's finding that Frangieh had not suffered past persecution on account of a protected ground is therefore not supported by substantial evidence. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Because Frangieh established past persecution, the burden of proof shifts to the government to rebut the presumption that he has a well-founded fear of future persecution by showing a fundamental change in circumstances in Lebanon or that Frangieh could avoid future persecution by relocating to another part of the country. *See* 8 C.F.R. § 208.13(b)(1)(i)–(ii). The IJ did not apply the presumption of future persecution to Frangieh's asylum claim, and so we remand to the BIA to consider this question in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**GRANTED AND REMANDED.**